

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRACY L. CONNALLY | CIVIL ACTION NO. 1:09-01602 |
| -vs- | JUDGE DRELL |
| METROPOLITAN LIFE INSURANCE CO. | MAGISTRATE JUDGE KIRK |

## RULING AND JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation (Document No. 21) suggesting Plaintiff's appeal in this ERISA case be granted. Defendant has filed a timely objection to the Report and Recommendation (Document No. 26), Plaintiff has responded (Document No. 27), and Defendant has submitted additional briefing (Document No. 29). After reviewing the entire file in this matter and concurring with the Magistrate Judge's findings under the applicable law, this Court adopts the Magistrate Judge's Report and Recommendation subject only to the modifications outlined herein.

The Magistrate Judge interpreted the standard of review outlined in Vega v. National Life Insurance Services, Inc., 188 F.3d 287, 299 (5th Cir. 1999), as requiring that a court "give a modicum less deference" to the administrator's decision when the administrator was conflicted as a result of also being the insurer. (Document No. 27, p. 3.) Defendant objects, arguing this standard was

abrogated by the Fifth Circuit in <u>Holland v. International Paper Company Retirement Plan</u>, 576 F.3d 240, 248 (5th Cir. 2009), and that review is more properly based on a traditional abuse of discretion standard.

In <u>Metropolitan Life Ins. Co. v. Glenn</u>, 554 U.S. 105, 112 (2008), the Supreme Court explained that a reviewing court should weigh a potential insurer/administrator conflict as a "factor in determining whether there is an abuse of discretion."

In the case at bar, a thorough review of the record shows that even if no insurer/administrator conflict were taken into consideration, Defendant's denial of this claim was unreasonable and constituted an abuse of its discretion. Accordingly,

IT IS ORDERED that Connally's appeal is GRANTED.

IT IS FURTHER ORDERED that benefits be paid as of the date of termination and subject to the policy terms for the duration of the benefit period.

SIGNED on this 7 day of September, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE